[Civ. No. 21784. Second Dist., Div. One. Sept. 4, 1956.]

ANN W. BEELER, Appellant, v. PLASTIC STAMP-
ING, INC. (a Corporation), Respondent.

Schauer, Ryon & McIntyre and Robert W. McIntyre for Appellant.

Nichols, Cooper, Hickson & Lamb for Respondent.

DORAN, J.—The complaint for declaratory relief alleges a dispute concerning certain parcels of land leased to respondent with an option of purchase, and the effect of certain conveyances in respect thereto. Plaintiff was given judgment; defendant Charles W. Beeler was adjudged to have no interest in the real estate, and it was ordered "That the option contained in the lease . . . be specifically performed."

Before the expiration of the lease option hereinbefore referred to, the defendant Charles W. Beeler, appellant's husband, who had purchased the property from a previous owner, placed a deed of trust against this and adjoining parcels in favor of the Anglo California National Bank, in the amount of $85,000. There is evidence indicating that Beeler possessed full knowledge in respect to the lease.

There is testimony to the effect that Charles W. Beeler had borrowed various sums of money from the bank, but according to Beeler's testimony, the trust deed and note for $85,000 were executed after the first Mrs. Beeler had commenced divorce proceedings and was attempting to tie up Beeler's property. The trust deed covered future advances.

Several months before expiration of the lease, Plastic Stamping, Inc., elected to exercise its option to purchase the property as provided in the lease. Beeler refused to recognize this option whereupon Plastic instituted an action for specific performance, Number POMO C-1633, filed on October 24, 1951. During the pendency of this action, the $20,000 balance on the bank note was paid, and an assignment of the note and trust deed were made to Ann W. Beeler, then wife of Charles W. Beeler. It is claimed that this assignment was made in consideration of various advances made by Ann W. Beeler and parents, Mr. and Mrs. Whitehead, to Charles W. Beeler, amounting to about $178,000. It is to be noted that this assignment, although dated December 27, 1952, was not recorded until December 2, 1953, almost a year later.

In the meantime, the specific performance action heretofore mentioned, had resulted in a judgment requiring Beeler to convey the real property to Plastic in accordance with the terms of the option, which judgment was recorded three and a half months previous to the recording of the note and trust

deed assignment to Ann W. Beeler. It is further claimed that Charles W. Beeler had defaulted in the performance of the trust deed, and that in lieu of foreclosure, on April 13, 1955, Beeler deeded the property to Ann W. Beeler.

At the time of trial of the present action for declaratory relief, other actions were pending between the parties, namely, (1) a complaint for possession of real property by Ann W. Beeler against Plastic; (2) an action by Plastic against Mr. and Mrs. Beeler for accounting, fraud, conspiracy, and injunction; in addition to the specific performance action by Plastic against Beeler, hereinbefore mentioned. The instant action for declaratory relief was filed by Ann W. Beeler, who now appeals from an adverse judgment.

It is appellant's contention that the trial court's finding to the effect that appellant and appellant's parents "advanced only $25,000.00 to Charles W. Beeler is contrary to the evidence in this case." Appellant also claims that "Findings and Judgment that appellant took title subject to the judgment against Charles W. Beeler is in error"; and that "The trial court erred in rendering a judgment of specific performance against appellant," since the present action is for declaratory relief and "cannot be construed as a specific performance action either from the standpoint of pleadings or proof."

As pointed out in respondent's brief, "The trial court had the right to disbelieve and reject the testimony of witnesses even though they may be uncontradicted." It is fundamental that such matters as demeanor, mannor of testifying, candor or evasiveness, and inherent improbability of the testimony given, exercise a profound effect upon credibility. Evaluation of a witness' testimony is peculiarly within the province of a trial judge trying the case without a jury.

The respondent has correctly observed that on cross-examination Charles W. Beeler answered many questions with "I don't know," and was unable to state exactly how much money had been borrowed from Mrs. Beeler's parents, or exactly when the loans were made. Beeler thought the amount was about $160,000 or $170,000. Ann Beeler thought the amount was somewhere "between $168,000 and $178,000." Mrs. Beeler's mother, Mrs. Whitehead, did not know much about the matter, but thought the amount was "over a hundred thousand dollars. . . . roughly about one hundred and seventy five, one hundred and eighty five thousand dollars."

It is evident that the trial judge did not credit the testimony

as to the large amount of the loans, and ultimately found that no more than $25,000 had been lent to Beeler. In view of the record, and of the well established principles hereinbefore mentioned, the trial court's findings cannot be deemed unsupported.

Nor is merit to be found in any of the other arguments advanced by the appellant. All of the findings find support in the evidence and it cannot be said that the trial court was in error in concluding that the assignment of the note and trust deed to Ann W. Beeler, and the conveyance of the property to Ann, were "second and subject to the rights of defendant, Plastic Stamping, Inc." There was testimony that Ann Beeler "knew that the property was leased," and that there was litigation in reference thereto. The court found that Ann had both actual and constructive notice of Plastic's rights under the lease.

 The appellant's contention that "the pleadings and evidence in this case cannot possibly sustain a judgment of specific performance," is likewise untenable. As set forth in respondent's brief, "At the time the action for Declaratory Relief was tried there were four actions pending concerning various phases of the controversy." It is fundamental that an equity court, "whenever possible will dispose of the entire controversy between the parties." (*Byrd* v. *Mutual Benefit etc. Assn.*, 73 Cal.App.2d 457, 465 [166 P.2d 901].) An action for declaratory relief is an equitable proceeding. And in *Record etc. Co.* v. *Pageman Holding Corp.*, 42 Cal.2d 227, 234 [266 P.2d 1] the true rule is thus expressed: "The trial court has discretion as to the extent of the relief to be accorded in a proceeding for declaratory relief." No abuse of that discretion has been shown in the instant case.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied September 25, 1956, and appellant's petition for a hearing by the Supreme Court was denied October 31, 1956. Spence, J., was of the opinion that the petition should be granted. Carter, J., and Schauer, J., did not participate therein.